# EXHIBIT "B"

Case 20-31134-hdh7 Doc 105-2 Filed 10/08/21 Entered 10/08/21 13:17:47 Desc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: ) BK. NO: 20-31131-HDH
)
WALL007 LLC )
D E B T O R. )

* * * * * * * * * *

TRANSCRIPT OF PROCEEDINGS

* * * * * * * * * *

BE IT REMEMBERED, that on the 19th day of August, 2020, before the HONORABLE HARLIN D. HALE, United States Bankruptcy Judge at Dallas, Texas, the above styled and numbered cause came on for hearing, and the following constitutes the transcript of such proceedings as hereinafter set forth:

P R O C E E D I N G S

THE COURT: Let me take appearances in WALL007 LLC, and then I'll read the ruling into the record.

MR. PACKMAN: Good morning, Your Honor. Stephen Packman for the petitioning creditors.

THE COURT: Welcome back.

MR. PACKMAN: Thank you.

MS. LINDAUER: Your Honor, Joyce Lindauer for the alleged debtors.

THE COURT: Welcome back to you.

MS. LINDAUER: Thank you, Your Honor.

MR. METZGER: Your Honor, Steve Metzger on behalf of Timothy Barton, individually, and Hung Fang Lin.

THE COURT: Welcome back to you.

MR. METZGER: Thank you.

MR. WALJI: Good morning, Your Honor, Khudabuksh Walji on behalf of the Carnegie Development.

THE COURT: Welcome back to you.

MR. WALJI: Thank you, sir.

THE COURT: I guess before I start the ruling -- well, let me go ahead and preface this. This is my oral ruling in WALL007, et al. Case number 20-31131. I was just visiting with my law clerks behind the scenes.

We always struggle with these discovery issues that you have, because Courts aren't 100 percent sure what's going on

Case 20-31134-hdh7 Doc 76-2 Filed 09/10/21 Entered 09/10/21 16:17:47 Desc 3

in your litigation, and we struggle to figure out what's important and what's not important. And we always try to come up with something that's fair within the rules. And the ruling I'm about to give is going to be disappointing, I think, to both sides. But it is with my intent to be fair, but to also comport with the Federal Rules of Civil Procedure and the Bankruptcy Rules. So with that, let me read this into the record. Just to warn you, it's 2 1/2 single-spaced pages, so it's going to take a little while. Also, there's no need to take copious notes on this. We'll send you -- my law clerk will send you, after the second hearing is over, we'll just send you this transcript. It's the unofficial transcript, but there's going to be some order drafting by you all. So that way you don't have to just write down everything that I say.

Before the Court are a number of discovery motions. During the hearing on August 17, the Court asked the parties to narrow down the issues so that it could hopefully provide a clearer path for this case. The Court will address each discovery dispute by topic, starting with what the Court believes to be the biggest issue so far.

With respect to the process and manner of depositions, the alleged debtors contend that conducting video depositions with the deponents abroad would violate Chinese law and, accordingly, certain petitioning creditors currently noticed

for deposition should be required to sit for depositions in the United States. Along these lines, the alleged debtors maintain there is a serious dispute over the identity of the petitioning creditors and the authenticity of their wet signatures. The alleged debtors argue that requiring in-person depositions would address some of these concerns.

The petitioning creditors did not really respond to alleged debtors' legality argument. Instead, the petitioners claim that the difficulties associated with the COVID-19 crisis should excuse them from traveling to the United States for in-person depositions. During the hearing, counsel for the petitioners did not specifically say there was a travel ban on Chinese nationals entering the United States. Rather, counsel argued that his clients would have to quarantine for 14 days upon entry to the United States and that doing so would be a great inconvenience.

The Court understands the great difficulty travel poses during the current pandemic. However, the Court also believes that litigants who seek the benefit of the United States law must follow its process. And here, a serious concern has been raised that taking video depositions would violate Chinese law. While traveling to the U.S. may be a great inconvenience and difficulty at this time, the Court believes it is necessary in this case to address both the legality issues and the identity concerns raised by the

Case 20-31134-hdh7 Doc 105-2 Filed 10/08/21 Entered 10/08/21 16:07:47 Desc


alleged debtors. Accordingly, the motion to quash at docket number 133 is granted in part to require the petitioning creditors' depositions to be taken in-person, in the United States, at a time and place agreeable to the parties.

Because the willingness of the petitioning creditors to attend in-person depositions will affect several threshold issues, including the ability of the petitioning creditors to carry their evidentiary burdens and the identity concerns raised by the alleged debtors, the Court will require that there is an agreement signed by counsel for the petitioning creditors that the petitioning creditors will appear for live depositions in the United States before any other discovery or motion practice will continue. The depositions do not need to have been completed before other matters may continue, but the agreement I just described must be signed and filed with the Court.

With respect to the content of discovery being conducted at this stage, the Court does not believe the topics should be bifurcated so that only questions about standing are allowed. The Court believes the petitioning creditors have the right to discovery pertaining to all elements of Section 303 of the Bankruptcy Code and the relevant factors under Section 305(a) and 707(a) that were raised by the alleged debtors; for example, questions as to whether the alleged debtors are generally paying their debts

as they become due are appropriate. That said, the petitioners are not entitled to seek written discovery or ask questions in depositions that delve into issues beyond the scope of Sections 303, 305(a), and 707(a). Along those lines, I do not see how the use of the loan proceeds received by the alleged debtors is relevant to these issues unless there is an allegation that their use gave rise to a preference or fraudulent transfer cause of action. Accordingly, the motion to quash at docket number 133 is denied in this respect.

As to the motion to compel certain depositions filed by the petitioning creditors at docket number 129, that is granted in part. There were four individuals discussed in the motion. Counsel for the alleged debtors argued that requiring Ms. Bedoya to sit for a deposition, even a video deposition, would pose an undue risk to her health at this time. The Court will excuse Ms. Bedoya from sitting for a deposition if she is able to provide the petitioning creditors with a note from her doctor stating that doing so, even by video, would be unsafe. If a note is not provided or there are any issues with the content of the note, the petitioning creditors may re-urge their motion.

Counsel did indicate, however, that both Mr. Lin and Mr. Barton are available for depositions. There was a suggestion during the hearing that Mr. Lin's family may have

been threatened, but there was very little detail and no evidence provided. Accordingly, the depositions of Mr. Lin and Mr. Barton must be taken at a time and place agreeable to the parties, with the scope of the depositions as I've just described.

A fourth individual, Mr. Venkat, was also discussed in the motion, but since he is an individual who has not been served with a subpoena, the Court will not order him to appear for a deposition, at this time.

Turning to document requests and interrogatory responses, both the petitioning creditors and the alleged debtors have filed a number of motions to compel.

During the hearing, counsel for the alleged debtors argued that while she has received a large production of documents, she seeks additional document production from the petitioning creditors concerning (1) the underlying transfer of funds to the alleged debtors from the Chinese accounts (2) communications between the petitioning creditors and Mr. Fu. The Court believes this is within the reasonable scope of production and, accordingly, the debtors' motion to compel at docket number 105 is granted in part as to these requests.

In accordance with the Federal Rules of Civil Procedure, and in light of some of the identity concerns that have been raised, the Court believes that the petitioners should sign their answers to interrogatories with wet

signatures as opposed to the signature of their counsel. These signatures, along with the signatures that have already been produced, should further address the identity issue raised by the alleged debtors. Any other relief sought in the alleged debtors' motions to compel at docket number 101 and 105 is denied. I want to be clear that the denial of the remaining relief sought in docket number 101 is based on the requirement of wet signatures for interrogatories and representations from Mr. Packman in paragraph 53 of docket number 140 that the alleged debtors are currently in possession of passports for all petitioning creditors and also that passports for all petitioning creditors can be submitted to the Court for in-camera inspection upon request.

The petitioning creditors have supplemented the discovery requests in their motion to compel at docket number 129. While the petitioners have received some additional documents from the alleged debtors, they seek production of a number of documents, including the alleged debtors' financials, books and records, corporate documents, et cetera. As I just discussed, the Court will not bifurcate the issues as the alleged debtor requests, and many of these document requests fall within the proper scope of discovery at this time. Accordingly, the petitioners' motion to compel is granted as to those additional, outstanding document requests, and to the extent the parties still need additional

guidance on specific requests, even after this guidance, we'll just have to come back and specify which requests are still in dispute.

I might parenthetically say that that's not really encouraged, so you all ought to be able to work some of this out.

With respect to interrogatories, the Court is not entirely clear which interrogatories remain outstanding. But it appears the petitioners still seek answers to interrogatories from requests made in their earlier motion to compel at docket number 92. The Court disagrees that these requests were straightforward and routine and denies the motion to compel as to Interrogatories 7, 8, 9, 10, 11, and 12 as written. They appear quite broad and burdensome. Interrogatory Number 2 should be answered more fully by the alleged debtors if they have not already done so.

My hope is that this ruling provides you all with the guidance for how to move forward from here, and that you will be able to work out another joint discovery plan to get this production in order. But if you need the Court's assistance, please let us know.

If counsel for both sides would upload orders on their pending motions after circulating to each other, I will sign them upon receipt.

Like I said, this was a long ruling with a lot of

Case 20-31311-hdh7 Doc 175-2 Filed 01/08/21 Entered 01/08/21 16:36:17 Desc 12


subparts to it. We'll go ahead and send it out after this second 9:00 hearing is done. And that should, I think, help you in preparation of your orders.

Thank you very much.

(End of Proceedings.)

C E R T I F I C A T E

I, CINDY SUMNER, do hereby certify that the foregoing constitutes a full, true, and complete transcription of the proceedings as heretofore set forth in the above-captioned and numbered cause in typewriting before me.

________________________________

CINDY SUMNER, CSR #5832
Expires 10-31-2022
Cindy Sumner, CSR
5001 Vineyard Lane
McKinney, Texas 75070
214 802-7196