CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 12, 2021**

Harlin DeWayne Hale
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*,** | § | **Case No. 20-31131 (HDH)** |
| | § | |
| **Alleged Debtors.** | § | **(Jointly Administered)** |

**ORDER DENYING MOTION TO RECONSIDER**
**ORDER DISMISSING INVOLUNTARY BANKRUPTCY CASES**

Before the Court is the *Amended Motion of the Petitioning Creditors for (I) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (II) Related Relief* [Docket No. 325] (the "Motion to Reconsider") in which the movants (the "Petitioning Creditors") ask this Court to vacate the *Order Dismissing Involuntary Bankruptcy Cases Without Prejudice* [Docket No. 310] (the "Dismissal Order").

As brief background, the above-captioned cases are involuntary bankruptcy proceedings filed by the Petitioning Creditors, who are mostly Chinese nationals residing in mainland China. On August 19, 2020, this Court issued an oral ruling disposing of four outstanding discovery motions. Based on determinations that (1) depositions of the Petitioning Creditors are necessary

in these cases, (2) conducting the depositions in the United States would be difficult, but possible, (3) conducting the depositions in China, even by video, may be illegal, and (4) proceeding with other discovery or motions would be fruitless if the Petitioning Creditors are not willing to appear for depositions, the Court ordered that before any other discovery or motion practice would continue, counsel for the Petitioning Creditors must sign and file an agreement that the Petitioning Creditors will appear for live depositions in the United States (the "Required Deposition Agreement"). The Court's oral ruling was memorialized in a series of written orders that were entered on September 4, 2020 (the "Discovery Orders").[1]

On September 15, 2020, the Petitioning Creditors filed a motion to reconsider the Discovery Orders,[2] which this Court denied.[3] On November 3, 2020, the Petitioning Creditors filed notices of appeal for the Discovery Orders and the Order Denying Reconsideration,[4] along with motions for leave to file interlocutory appeals of those orders[5] and requests for the certification necessary to obtain a direct review of those orders by the United States Court of Appeals for the Fifth Circuit.[6]

Both the Notices of Appeal and the Motions for Leave were transferred to the District Court for consideration. While those appeals were pending, this Court entered its *Order Directing*

---

[1] The Discovery Orders consist of four orders: *Order Granting in Part the Alleged Debtor's Motion to Compel Discovery Related to Wet Signatures [Dkt. No. 101]* [Docket No. 165]; *Order Granting in Part the Petitioners' Motion to Compel Discovery [Dkt. Nos. 92 & 129]* [Docket No. 167]; *Order Granting in Part the Alleged Debtor's Motion to Quash Petitioners' Deposition Notice [Dkt. No. 133]* [Docket No. 168]; *Order Granting in Part the Alleged Debtor's Second Motion to Compel Discovery Responses from Petitioners [Dkt. No. 105]* [Docket No. 169].

[2] *Motion of the Petitioning Creditors for (I) Reconsideration of Discovery Orders; and (II) Related Relief* [Docket No. 175].

[3] *Order Denying Motion for Reconsideration of Discovery Orders* [Docket No. 202] (the "Order Denying Reconsideration").

[4] Docket Nos. 218, 223, 228, 233, and 238 (the "Notices of Appeal").

[5] Docket Nos. 221, 226, 231, 236, and 241 (the "Motions for Leave").

[6] Dockets Nos. 220, 225, 230, 235, and 240.

*Compliance with Prior Orders* [Docket No. 287] (the "Compliance Order"), ordering that the Alleged Debtors' bankruptcy cases will be dismissed without prejudice if, by the end of the day on December 4, 2020, the Petitioning Creditors have not either (1) filed the Required Deposition Agreement or (2) obtained a stay of the Discovery Orders pending appeal. On November 30, 2020, the District Court denied the Motions for Leave and dismissed the appeals.[7]

On December 4, 2020, certain of the Petitioning Creditors filed their *Live Deposition Agreement* [Docket No. 308] (the "Petitioners' Deposition Agreement"), but there were several problems with the Petitioners' Deposition Agreement. For instance, the Petitioners' Deposition Agreement was only filed on behalf of eleven of the sixty-five Petitioning Creditors. In addition, the Petitioners' Deposition Agreement did not contain an unequivocal statement that even the Petitioning Creditors enumerated therein (the "Petitioner Deponents") were willing to appear for live depositions in the United States. Instead, the Petitioners' Deposition Agreement contained conditions that the Petitioning Creditors never requested, and this Court never approved. Most significantly, the Petitioners' Deposition Agreement contained a condition that COVID-19 vaccines must be available to the Petitioner Deponents prior to their departure to the United States.

On December 7, 2020, the Court entered the Dismissal Order dismissing the Alleged Debtors' bankruptcy cases based, in part, on a finding that the Petitioning Creditors willfully disobeyed the Discovery Orders and the Compliance Order, which made it clear that the Alleged Debtors would be substantially prejudiced by the Petitioning Creditors' refusal to comply, lesser sanctions would not suffice, and these cases would be dismissed if the Petitioning Creditors did not comply.

[7] *See* Case Nos. 3:20-cv-03385, 3:20-cv-03386, 3:20-cv-03387, 3:20-cv-03388, and 3:20-cv-03389.

On December 21, 2020, the Petitioning Creditors filed a *Notice of Appeal* [Docket No. 314] for the Dismissal Order, and then on January 8, 2021, the Petitioning Creditors filed the Motion to Reconsider asking this Court to vacate the Dismissal Order. The Alleged Debtors filed an objection to the Motion to Reconsider,[8] and the Petitioning Creditors filed a reply to that objection.[9]

The Motion to Reconsider asks for relief pursuant to Federal Rule of Civil Procedure 60(b), made applicable to this matter by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides six grounds for relief from a prior judgment, but the Petitioning Creditors have cited Rule 60(b)(5) and (6) as the grounds on which they are relying.

Rule 60(b)(5) allows for relief from a judgment if it has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Rule 60(b)(6) allows for relief from a judgment based on "any other reason justifying relief from the operation of the judgment," but such relief is granted rarely and only under extraordinary circumstances. *Ruiz v. Quarterman*, 504 F.3d 523, 533 (5th Cir. 2007).

While there are multiple potential bases for relief under Rule 60(b)(5) and (6), the gist of the Motion to Reconsider is that the Dismissal Order is inequitable, unjust, and prejudicial to the Petitioning Creditors. Specifically, the Petitioning Creditors argue the Court should vacate the Dismissal Order because (1) there are new circumstances, (2) the Petitioning Creditors are willing to offer a new version of the Petitioners' Deposition Agreement, (3) the Court relied on erroneous

---

[8] *Response and Objection to Amended Motion of Petitioning Creditors for (I) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (II) Related Relief* [Docket No. 331].

[9] *Reply to Response and Objection to Amended Motion of Petitioning Creditors for (I) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (II) Related Relief* [Docket No. 333].

findings in the Dismissal Order, (4) if the Dismissal Order is not vacated, the Petitioning Creditors may have to go through the expense of re-filing the involuntary petitions, and (5) if the Dismissal Order is not vacated, the Petitioning Creditors must face the Alleged Debtors' request for relief under Bankruptcy Code section 303(i).

The new circumstances that the Petitioning Creditors rely on in the Motion to Reconsider are (1) the Petitioning Creditors' realization from the Dismissal Order that the Petitioners' Deposition Agreement was unsatisfactory and (2) recent news pertaining to the rollout of the COVID-19 vaccine by Pfizer and Moderna. To begin, the Court does not believe the Petitioning Creditors' claim that they thought the Petitioners' Deposition Agreement was satisfactory when it was submitted is a sufficient basis for vacating the Dismissal Order. With regard to news about the COVID-19 vaccine, the Petitioning Creditors have dropped their previous condition that COVID-19 vaccines are available to the Petitioner Deponents prior to their departure to the United States[10] and are now willing to travel to the United States regardless of whether the vaccine is available to them based on recent progress with the COVID-19 vaccine and their anticipation of the vaccine being widely distributed in the United States by mid-summer 2021. Nevertheless, the Petitioning Creditors are still unwilling to attempt to appear for live depositions in the United States before mid-September 2021. Their plan appears to be for the Alleged Debtors to remain parked in an involuntary bankruptcy for an additional seven months—on top of the eight months already spent prior to the dismissal—before the Alleged Debtors can proceed with depositions that must occur before the Alleged Debtors receive their day in court on the merits of the involuntary petitions. For reasons previously discussed in the Compliance Order and the Dismissal Order, this delay is unacceptable.

[10] *See* Petitioners' Deposition Agreement at ¶ 18(a).

The Petitioning Creditors also argue that the Dismissal Order should be vacated because they are willing to agree to a deposition agreement that they believe would satisfy the Court's concerns. As noted above, this newly-crafted language is unacceptable because it would only agree to live depositions in the United States, subject to certain conditions, starting in mid-September 2021. Beyond the delay though, the Court notes that before entering the Dismissal Order, the Court specifically considered whether it would be appropriate to give the Petitioning Creditors another opportunity to file a compliant deposition agreement. For the reasons stated in the Dismissal Order, the Court found dismissal of the involuntary petitions to be the appropriate next step, and the Court does not believe it would be just or equitable for all parties involved for the Court to begin negotiating with the Petitioning Creditors at this point.

The Petitioning Creditors next argue that the Court was incorrect in finding that allowing the involuntary cases to proceed could have serious consequences for the Alleged Debtors and third parties. Rather, the Petitioning Creditors assert in the Motion to Reconsider that the Alleged Debtors are mere shell companies and do not engage in business or routine operations. In making this argument, the Petitioning Creditors disregard the activity of other creditors in the cases, which was discussed in the Compliance Order. The Court does not believe its finding that allowing the involuntary cases to proceed could have serious consequences for the Alleged Debtors and third parties was in error.

The Petitioning Creditors also argue that if the Dismissal Order is not vacated, the Petitioning Creditors may have to go through the expense of re-filing the involuntary petitions. The Court does not find this argument to be sufficient grounds for vacating the Dismissal Order.

Finally, the Petitioning Creditors argue that if the Dismissal Order is not vacated, the Petitioning Creditors must face the Alleged Debtors' request for relief under Bankruptcy Code

section 303(i),[11] which they believe is unjust and inequitable. Upon the nonconsensual dismissal of an involuntary bankruptcy petition, Bankruptcy Code section 303(i) allows alleged debtors to seek recovery from the petitioners for costs, attorneys' fees, and, if the Court finds the petitioners filed the petitions in bad faith, actual and punitive damages. The fact that the Alleged Debtors have chosen to seek relief under Bankruptcy Code section 303(i) has no bearing on whether the Dismissal Order was equitable or just. To be clear, the dismissal of the involuntary bankruptcy cases was not "merely technical" or an "abatement of the proceedings" as the Petitioning Creditors claim in their reply in support of the Motion to Reconsider.[12] The dismissal was a result of the Court's finding that the Petitioning Creditors have willfully disobeyed the Discovery Orders and the Compliance Order, which made it clear that the Alleged Debtors would be substantially prejudiced by the Petitioning Creditors' refusal to comply, lesser sanctions would not suffice, and these cases would be dismissed if the Petitioning Creditors did not comply.

In conclusion, the Court finds no cause to vacate the Dismissal Order. The reasoning stated in the Discovery Orders, the Order Denying Reconsideration, the Compliance Order, and the Dismissal Order still applies. Furthermore, the Dismissal Order is currently on appeal in District Court, and at least one of the Alleged Debtors is now a voluntary debtor in another bankruptcy proceeding.[13]

**IT IS THEREFORE ORDERED** that the Motion to Reconsider is **DENIED**.

###End of Order###

---

[11] *See Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i)* [Docket No. 313] (the "303(i) Motion").

[12] *Reply to Response and Objection to Amended Motion of Petitioning Creditors for (I) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (II) Related Relief* [Docket No. 333] at 5.

[13] WALL010, LLC filed bankruptcy case number 21-30016 in the Bankruptcy Court for the Northern District of Texas on January 4, 2021.